Dear Representative Townsend:
You ask this office to advise whether an individual may simultaneously hold full-time employment as the assistant director of the Ware Youth Center while holding the elected office of Natchitoches Parish police juror. We respond in the negative.
The Ware Youth Center houses juveniles from Natchitoches, Sabine, Red River, Webster and DeSoto parishes. See R.S. 15:1097[1]. The Ware Youth Center Authority is a separate political subdivision of the state. The positions of assistant director and police juror fall within separate political subdivisions of the state. Thus, there is no violation of R.S. 42:63(D), providing that no person shall hold "employment . .in the same political subdivision in which he holds an elective office."
However, of concern is R.S. 42:64(A)(6), which states:
In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain . . . (6) Funds received by one office or employment are deposited with or turned over to the other office or position.
You advise that the participating parishes (including Natchitoches) transfer monies to the Authority to fund a daily per diem per juvenile.
It is the opinion of this office that if the police jury of Natchitoches Parish transfers funds to the Authority, then simultaneously holding employment with the Authority as an Assistant Director while serving as police juror would constitute incompatible offices. The reasoning is that the police jury is allocating or transferring funds to an entity run by a member of the police jury. See Attorney General Opinion 92-185, copy attached. The assistant director may run for the office of police juror, but if elected, he must resign from his employment.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] § 1097. Ware Youth Center Authority; creation; jurisdiction
A. The Ware Youth Center Authority is hereby established as a political subdivision of the state, with a territorial jurisdiction throughout the parishes of Claiborne, DeSoto, Natchitoches, Red River, Sabine, and Webster. If the governing authority of Claiborne Parish or the governing authority of Webster Parish elects to withdraw its respective parish from the district, the territorial jurisdiction of the district shall not include such parish or parishes.
OPINION REQUEST NO. 92-185
Mr. Gervis Lafleur Attorney General of Louisiana — Opinion April 13, 1992
78 OFFICERS — Dual Office Holding
La. R.S. 42:63D; La. R.S. 42:64(A)(6)
A salaried director of a private non-profit community action agency may not simultaneously hold office as a police juror if the respective police jury transfers, allocates, donates or approves funds for the community action agency.
Mr. Gervis Lafleur Executive Director Evangeline Community Action Agency, Inc. 403 West magnolia Street Ville Platte, Louisiana 70586
RICHARD P. IEYOUB
Dear Mr. Lafleur:
You have requested an opinion of this office on the following question: May the director of the Evangeline Community Action Agency, Inc. run for and then if elected hold the position of police juror for Evangeline Parish?
The pertinent statutory language is found in La.R.S. 42:63D and La. R.S. 64(A)(6):
 La. R.S. 42:63(D) provides in part: D. . . . No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he hoIds an elective office.
La. R.S. 42:64(A)(6) provides in part:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain . . .
 (6)Funds received by one office or employment are deposited with or turned over to the other office or position.
From information supplied in the opinion request it was stated that the Evangeline Community Action Agency, Inc. is a private, non- profit organization. It is therefore not a part of a political subdivision hence there is no possible violation of the dual office holding/employment prohibition found in La. R.S. 42:63(D).
In regards to La. R.S. 42:64(A)(6) it is the opinion of this office that is the police jury of Evangeline Parish either transfers or donates funds to this organization or directs the organization on how to spend state funds, then simultaneously holding employment with the organization as a salaried executive director while also serving as a police juror would constitute incompatible "offices". The reasoning is that the police jury is allocating or transferring funds to an entity run by a member of the police jury.
From my research into the facts the Evaneline Parish Police Jury is transfering/donating funds to the Evageline Community Action Agency, Inc.
Nothing prevents the executive director from running for police jurior but if elected he should relinquish his position with the Evangeline community Action Agency, Inc., so there will be no violation of La. R.S. 42:64(A)(6).
If this office may be of any further assistance, please feel free to call on us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
By: __________________________
 ROBERT L. COCO Staff Attorney
FPI/RC/mnt